UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELIJAH LACAL UNION,

    Petitioner,

v.                                      Case No. 3:20-cv-276-TJC-JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

**I.    Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1).[1] Petitioner challenges a state court (Duval County, Florida) judgment of conviction for aggravated battery for which he is serving a 30-year term of incarceration. Respondents argue that the Petition is untimely filed and request dismissal of this case on that basis (Doc. 7).[2] Petitioner filed a Reply (Doc. 11). This case is ripe for review.

---

[1] For all documents filed in this case, the Court cites to the page numbers as assigned by the Court's electronic case filing system.

[2] Attached to the Response are several exhibits (Docs. 7-1 to 7-10). The Court cites to the exhibits as "Resp. Ex."

## II. <u>One-Year Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

2

>     pending shall not be counted toward any period of
>     limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Following a jury trial, the state court entered judgment on August 13, 2015, sentencing Petitioner to 30 years of imprisonment as a habitual felony offender. Resp. Ex. 1 at 6-12. On October 14, 2016, the First District Court of Appeal per curiam affirmed Petitioner's judgment of conviction without a written opinion. Resp. Ex. 3. His judgment and sentence became final ninety days later on January 12, 2017.[3] See Clay v. United States, 537 U.S. 522 (2003); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." (citing Supreme Court Rule 13.3)). His federal one-year limitations period began to run the next day, January 13, 2017.

Petitioner's one-year period ran for 227 days, until it was tolled on August 28, 2017, when he filed a petition alleging ineffective assistance of appellate counsel and a motion for postconviction relief under Florida Rule of Criminal

---

[3] Respondents' calculations are inaccurate in multiple ways. Nevertheless, under the Court's calculation, the Petition is untimely.

3

Procedure 3.850. Resp. Exs. 5, 9.[4] Petitioner's one-year limitations period remained tolled through October 24, 2019, when the First DCA issued its mandate after per curiam affirming the denial of Petitioner's Rule 3.850 motion. Resp. Ex. 10.[5] Petitioner's one-year period continued to run the following day, October 25, 2019, and it ran for another 138 days until its expiration on March 11, 2020.[6] The Petition, filed on March 16, 2020, is untimely.

---

[4] A review of Petitioner's state court docket reflects that on December 7, 2016 (mailbox rule), Petitioner filed a Rule 3.800(c) motion, and on February 16, 2017, the state court denied the motion because it was not timely filed. See Resp. Ex. 1 at 2; see also State of Florida v. Union, No. 16-2015-cf-752 (Fla. 4th Cir. Ct.). Thus, this motion had no tolling effect on his one-year limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (holding that a state postconviction motion that is rejected by the state court as untimely filed is not "properly filed" for purposes of § 2244(d)(2)).

[5] In the meantime, on October 12, 2017, the First DCA denied on the merits Petitioner's petition alleging ineffective assistance of appellate counsel. Resp. Ex. 6. Petitioner did not file a request for rehearing, Resp. Ex. 4, and the DCA was not required to issue a mandate. See Felton v. Florida, 153 F. App'x 620, 621 (11th Cir. 2005) (recognizing that no mandate is required in an "original proceeding" filed in a DCA; for example, a state habeas petition alleging ineffective assistance of appellate counsel). Regardless, because Petitioner's Rule 3.850 proceeding was ongoing, his one-year limitations period remained tolled.

[6] A review of the state court docket shows that Petitioner filed a Rule 3.800(a) motion on April 28, 2020 (mailbox rule). See Resp. Ex. 1 at 2; see also Union, No. 16-2015-cf-752. This motion had no effect on the one-year limitations period, as the period was already expired. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll").

4

Petitioner argues that his Petition was timely filed, because "a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal." Doc. 11 at 2. Petitioner is mistaken.[7] Even though Petitioner did not seek a writ of certiorari in the United States Supreme Court, his conviction and sentence became final 90 days after the First DCA issued its opinion on direct appeal, rather than after the mandate. See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (holding "that the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)"); see also U.S. Sup. Ct. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.").

Petitioner does not argue that he is entitled to equitable tolling. Nevertheless, even if Petitioner was diligently pursuing his rights,[8] he does not

---

[7] The state court cases he relies upon discuss when a judgment and sentence become final for purposes of filing a motion for postconviction relief. Petitioner also cites one Eleventh Circuit case: Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001). See Doc. 11 at 2 n.1. As recognized in Sallie v. Humphrey, 789 F. Supp. 2d 1351, 1354-57 (M.D. Ga. 2011), Tinker is distinguishable, and it was decided before the United States Supreme Court's decision in Clay, 537 U.S. 522 (addressing the issue of finality).

[8] Although Petitioner was only five days late in filing his Petition, he had 138 days to do so after his Rule 3.850 proceeding was complete.

allege any facts that would suggest extraordinary circumstances stood in his way. See Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) ("To warrant th[e] extraordinary remedy [of equitable tolling], a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotations and citation omitted)). Rather, he simply miscalculated the one-year limitations period. But his pro se status and miscalculation of the one-year limitations period are insufficient to justify the extraordinary remedy of equitable tolling. See Moore v. Frazier, 605 F. App'x 863, 868 (11th Cir. 2015) (recognizing that pro se litigants "are deemed to know of the one-year statute of limitations," and "a lack of a legal education" has never been sufficient to excuse untimely filing (internal quotations and citations omitted)); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."); Rich v. Dep't of Corr. State of Fla., 317 F. App'x 881, 883 (11th Cir. 2008) (recognizing that a petitioner's "pro se status and . . . conformity with state law are not extraordinary circumstances"). Petitioner also does not make any showing of actual innocence. See Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012). Thus, this case is due to be dismissed with prejudice as untimely.

Accordingly, it is

6

**ORDERED**:

1.   This case is **DISMISSED with prejudice**.

2.   The **Clerk** shall enter judgment accordingly, terminate any pending motions, and close this case.

3.   If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[9]

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of February, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

---

[9] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

JAX-3 1/29
c:
Elijah LaCal Union, #468070
Counsel of Record

8